******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PALMER, J., concurring. I agree with the result that the majority reaches and most of its analysis, but, in contrast to the majority, I also agree with the plaintiff, Mireille Desrosiers, that General Statutes § 46a-60 (a) (1) reasonably can be construed to prohibit discrimination on the basis of a perceived physical disability. In my view, the statutory bar against discrimination on account of physical disability can fairly be read to mean that an employer is precluded from taking adverse action against an employee by reason of any such disability. Under that construction of the statute, an employee can prevail on a claim brought pursuant to § 46a-60 (a) (1) upon establishing that the employer's reason or motivation for discriminating was improper even when, as in the present case, the employee did not actually suffer from the protected disability.

As the majority notes, under General Statutes § 46a-51 (20), " '[m]ental disability' " includes "an individual who has a record of, or is regarded as having one or more mental disorders, as defined in . . . the American Psychiatric Association's 'Diagnostic and Statistical Manual of Mental Disorders,' " whereas § 46a-51 (15) defines the term " '[p]hysically disabled' " to include only an "individual who has any chronic physical handicap, infirmity or impairment . . . ." Although this definitional difference supports the contention of the defendants Diageo North America, Inc., and Lawrence D. Levine that § 46a-60 (a) (1) denies protection to individuals who are perceived to be physically disabled but, in actuality, are not, it does not mandate that interpretation. In defining the term "mental disability," the legislature may have taken special care to prohibit discrimination on the basis of a perceived mental disorder because of the difficulty in discerning whether symptoms or conduct associated with that disorder are actually the product of the disorder. Alternatively, the legislature may have used the term "regarded as" in defining "mental disability" merely to indicate that a formal diagnosis of a disability in accordance with the Diagnostic and Statistical Manual of Mental Disorders is not a necessary prerequisite to a discrimination claim predicated on such a disability. In either case, it would not necessarily follow that the legislature intended to permit discrimination on the basis of a perceived physical disability. Because physical disabilities are often more readily apparent or recognizable than mental disabilities, the legislature simply may not have focused on the need to articulate that additional protection expressly with respect to physically disabled employees.

In view of the fact that the language of § 46a-60 (a)

(1) does not plainly and unambiguously foreclose the interpretation advanced by the plaintiff, we look to extratextual evidence to determine whether that interpretation is correct. See General Statutes § 1-2z. I fully agree with the majority that the formally articulated, time-tested and reasonable interpretation of § 46a-60 (a) (1) by the Commission on Human Rights and Opportunities as prohibiting discrimination on the basis of a perceived physical disability is entitled to deference. See, e.g., *Longley* v. *State Employees Retirement Commission*, 284 Conn. 149, 166, 931 A.2d 890 (2007) ("reaffirm[ing] the principle that courts should accord deference to an agency's formally articulated interpretation of a statute when that interpretation is both time-tested and reasonable"). In fact, this construction is not just reasonable, but is by far the more reasonable construction in light of the remedial purpose of the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq., to prohibit unfair discrimination in the workplace. I therefore concur.

_____